Teresa Jones, Gadsden, Ala., trustee in bankruptcy.

Leon Garmon, Gadsden, Ala., for bankrupt.

Charles D. Martin, Gadsden, Ala., for Cedar Bluff Bank.

### ORDER DISMISSING COMPLAINT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At a pre–trial conference, in the above–styled adversary proceeding, on February 20, 1980, the plaintiff advised the bankruptcy judge that she relied upon the provisions of Section 548(a)(1), Title 11, United States Code, in seeking to recover the sum of $3,400.00 from the defendant, and the plaintiff and the defendant's attorney agreed to file a stipulation of facts and to submit this matter to the Court for a decision, upon the complaint, the defendant's answer, and the stipulation of facts, and the stipulation has now been filed.

### FINDINGS OF FACT

1. The plaintiff is the trustee in bankruptcy in this case filed under Chapter 7, Title 11, United States Code.

2. On or about March 13, 1979, the debtor transferred to the defendant certain non–exempt property, consisting of the sum of $3,400.00 received by the debtor from the proceeds of the debtor's sale of various farm machinery, including one 1961 model Ford tractor (Model 4000).

**In re Earnest CRANE, Jr., Debtor.**

**Teresa D. JONES, Trustee, Plaintiff,**

v.

**CEDAR BLUFF BANK, Defendant.**

Bankruptcy No. 79–03951.
AP No. 80–0057.

United States Bankruptcy Court,
N. D. Alabama.

April 29, 1980.

3. The defendant had an unperfected security interest in said equipment, as collateral for a debt owed by the debtor to the defendant in the sum of $6,685.21.

4. Said equipment was also collateral for a debt owed by the debtor to Farmers Home Administration.

5. At the time of the transfer, there were other creditors of said debtor, having claims allowable in this case.

6. At the time of the transfer, the debtor was unable to pay his debts.

7. This case was initiated by a voluntary petition of the debtor, under Chapter 7, Title 11, United States Code, filed November 2, 1979.

## CONCLUSIONS BY THE COURT

Section 548(a)(1), Title 11, United States Code, provides that the trustee may avoid a debtor's transfer of property of the debtor, if made with intent to hinder, delay, or defraud the debtor's creditors or future creditors. The facts in this case do not support any such fraudulent transfer.

On the other hand, if the trustee were relying upon subsection (a)(2) one of the conditions for a recovery by the trustee would be proof that the debtor received less than a reasonably equivalent value. In subsection (d)(2) "value" is defined to include satisfaction of an antecedent debt of the debtor. In this case, the transfer was for a payment on a debt larger than the sum transferred, without a satisfaction of the entire indebtedness. It would be unreasonable, however, to interpret the word "satisfaction" to mean only a satisfaction of the entire debt. Here, it means a satisfaction of the portion of the debt paid; otherwise, the section would have a ridiculous application. It would be unreasonable for the section to mean that the creditor could keep the $3,400.00 if the debt were that amount or less but that there would be no reasonably equivalent value in case the $3,400.00 were applied against a larger debt, with a resulting right in the trustee to avoid the transfer.

The plaintiff's complaint is not sustained by the evidence and is due to be dismissed out of court.